THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01003-BNB

MICHAEL SAROS,

      Applicant,

v.

RENE GARCIA, or current Warden of FCI/Low Englewood,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Michael Saros, is a prisoner in the custody of the Federal Bureau of

Prisons who currently is incarcerated at the Federal Correctional Institution-Englewood

in Littleton, Colorado.  He initiated this action on April 12, 2012, by filing a *pro se*

"Petition in Pursuit of a Original Art. I § 9 cl. 2 Writ of Habeas Corpus Ad Subjiciendum

Supported by a Federal Question Challenging Title 18, Federal Criminal Code and 18

U.S.C. § 3231 and Title 28, 28 U.S.C. § 2255, 28 U.S.C. § 2241 and Public Law 80-772

& 80-773 to be Unconstitutional and Void Ab Initio as a Matter of Law for Want of

Jurisdiction."

      In an order filed on April 16, 2012, Magistrate Judge Boyd N. Boland ordered Mr.

Saros to cure certain enumerated deficiencies in this case within thirty days.  Specifically,

Mr. Saros was directed to submit an Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2241 on the court-approved form.  Mr. Saros was also directed to file a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the

court-approved form and a current certified copy of his prisoner's trust fund statement.

He was informed that the § 1915 motion and affidavit was only necessary if the $5.00 filing fee was not paid in advance.  The April 16 order warned Mr. Saros that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

Instead of curing the deficiencies in this action, on May 15, 2012, Mr. Saros filed a document titled "Request to Take Judicial Notice Ffed. [sic] Evic. R. 201(d)".  In the document, Mr. Saros appears to argue that he is not required to use the Court-approved form or to pay the $5.00 filing fee.  Contrary to his arguments, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) has repeatedly upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's pro se civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply

with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver District Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring pro se prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

Mr. Saros has now failed to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved forms, as directed by the April 16 Order.  Therefore, Mr. Saros has failed within the time allowed to cure the designated deficiencies, and this action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

3

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Michael Saros, to comply with the order to cure dated April 16, 2012.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit.

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  23rd  day of ___May_____, 2012.

BY THE COURT:


    s/Lewis T. Babcock                              
LEWIS T. BABCOCK
Senior Judge, United States District Court

4